Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5310 | **DATE** | October 30, 2003 |
| **CASE TITLE** | Armament Systems v. Shell Oil | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Shell Oil Company's motion for summary judgment [ ] is granted. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| x | Notices MAILED by judge's staff. | NOV 0 3 2003 | |
| | Notified counsel by telephone. | date docketed | 32 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to | date mailed notice | |
| KAM | courtroom deputy's initials | KAM mailing deputy initials | |

U.S. DISTRICT COURT

Date/time received in central Clerk's Office

(Reserved for use by the Court)

02-5310.031-JCD                                              October 30, 2003

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ARMAMENT SYSTEMS AND PROCEDURES, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 02 C 5310 ) |
| SHELL OIL COMPANY, | ) ) |
| Defendant. | ) ) |

DOCKETED
NOV 0 3 2003

### MEMORANDUM OPINION AND ORDER

Before the court is Shell Oil Company's motion for summary judgment. For the reasons stated below, the motion is granted.

### BACKGROUND

Plaintiff Armament Systems and Procedures, Inc. ("Armament") brings this patent infringement action against Shell Oil Company ("Shell").[1] Armament manufactures and sells handheld miniature LED flashlights and owns a "Miniature LED Flashlight" patent, U.S. Patent No. 6,190,018. Armament alleges that Shell has "manufactured, imported, used, offered to sell and/or sold handheld miniature LED flashlights" that infringe Armament's patent.

---

[1] On May 12, 2003, Armament filed a Second Amended Complaint to add two defendants: Suncoast Merchandise Corporation and Capital Cities Marketing, Inc. Armament has stipulated that the addition of these two defendants does not affect the instant motion.
  Armament's prior complaints included an additional patent infringement claim pertaining to U.S. Patent No. 6,357,890. That claim is not asserted in the Second Amended Complaint.

32

(Second Amended Complaint, ¶ 15.) (Armament now concedes that it has no evidence that Shell manufactured, imported, or used the flashlights; its patent claim hinges on the "offered to sell" and "sold" allegations.)

Armament's claim arises from a merchandise offer included in an attachment to the envelope included with a Shell credit card billing statement. One of the items offered for sale in the attachment was a "Blue Crystal LED Light and Key Organizer" that plaintiff contends is within the scope of its patent. The attachment was comprised of three small rectangular sheets of paper attached at perforations (one of the sheets may have been the envelope flap). One portion consisted of an order form and one merchandise offer; the other two portions contained six merchandise offers total. The top of the order form included the phrase "An Offer for Cardmembers from Capital City Marketing, Inc." The left portion of the order form stated as follows:

> Capital City Marketing, Inc. (CCMI) and its providers, as applicable, are responsible for this merchandise offer. Citibank (South Dakota), N.A. and its related companies, and Shell are not affiliated with CCMI and are not responsible for this merchandise offer. By responding to this offer, you will be disclosing all of the information requested above, including your Shell account number, to a company outside the Citigroup family of companies. Please allow 4 to 6 weeks for delivery. For inquiries, please call 1-800-893-7784 M-F 9a-5p EST.

(Shell's Statement of Uncontroverted Facts, Ex. A.)

Shell has produced the "Operating Agreement" that pertains to the Shell credit card. Shell itself is not a party to the

Operating Agreement; rather, the parties to the agreement are Equilon Enterprises, LLC ("Equilon"); Associates National Bank ("Associates"); Associates Capital Bank, Inc. ("ACB"); and Associates Credit Card Services, Inc. According to W.W. Smith, Equilon's Manager of Credit Card Marketing, Equilon is an affiliate of Shell. (Affidavit of W.W. Smith, ¶ 1.) Associates and ACB are the Issuers of the Shell credit card. (Operating Agreement at 7.) Pursuant to the Operating Agreement, the Issuers have the exclusive right to use the lists of Shell credit card holders to market certain products and services to those card holders, as well as exclusive control over the "creation, development and production of all promotional materials" for these products and services. In some cases, Equilon's review and/or approval of such offers is required. (Operating Agreement, ¶ 3.2.)

Armament filed this action on July 26, 2002. The Second Amended Complaint contains one count, a patent infringement claim. We have ruled that Shell need not answer the Second Amended Complaint unless we deny the instant motion.[2]

Shell now moves for summary judgment.

---

[2] With its answer to the (First) Amended Complaint, Shell had filed a counterclaim containing four claims: two claims for declarations of Shell's non-infringement of the two patents that were at issue; and two claims for declarations that the patents are invalid. As noted supra n.1, Armament has dropped its infringement claim as to one of the patents.

## DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. See Pitasi v. Gartner Group, Inc., 184 F.3d 709, 714 (7th Cir. 1999). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Talanda v. KFC Nat'l Mgmt. Co., 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." McGrath v. Gillis, 44 F.3d 567, 569 (7th Cir. 1995).

Shell argues that the language on the envelope attachment--stating that Capital City Marketing, Inc. was the offeror and that Shell was not the offeror--is dispositive. Mr. Smith states in his affidavit that Shell did not prepare the attachment (nor did Equilon). (Affidavit of W.W. Smith, ¶ 3.)

Armament responds with two arguments. The first argument is that Philip S. Wolin, an attorney in the firm that represents Armament, believed that Shell was the offeror of the miniature LED flashlight for several reasons: (1) he "did not notice" the relevant language regarding the offeror on the attachment included in his Shell credit card bill; (2) the Shell logo appeared on the attachment; and (3) the order form instructed that the form be returned to Shell along with the customer's bill payment. This argument is unsubstantial. What Mr. Wolin noticed or failed to notice regarding the attachment is neither here nor there, and Armament cites no law in support of its argument. Armament cites two inapposite trademark cases in which the Seventh Circuit observed that consumers often ignore disclaimers that purport to cure consumer confusion. This principle, however, does not support Armament's ultimate contention--that Mr. Wolin's belief trumps the express language of the offer regarding the offeror's identity.

Armament also contends that Shell was the true offeror of the miniature LED flashlight because Equilon, which acted as Shell's alter ego, exercised control over the content of the offer pursuant to the Operating Agreement. Armament fails to submit any evidence, though, indicating that Equilon was acting as Shell's alter ego. From the fact that Shell indirectly or directly owns or controls all or part of Equilon, it does not automatically follow that Equilon is Shell's alter ego. Moreover, for its argument to

succeed, Armament would have to submit evidence showing that there is a genuine issue that Equilon--and not Capital City Marketing, Inc.--was offering the flashlight for sale, which Armament has failed to do.

Armament requests additional discovery pursuant to Federal Rule of Civil Procedure 56(f) "on those issues directly pertinent to the question of who made the offer to sell the LED Light." (Response at 7.) Rule 56(f) provides that a non-movant may avoid summary judgment by stating in an affidavit why it cannot currently present facts showing a genuine issue for trial, but Armament has failed to include such an affidavit in its response. In addition, Armament offers no reason why further discovery might develop a genuine issue regarding Shell's involvement in the merchandise offer. (The documents that Armament has received in discovery that show Equilon's approval of the merchandise offer do not bear on the alter ego issue.) Accordingly, Armament's request for additional discovery on this issue is denied.

Because Armament has failed to present evidence demonstrating that Shell was the offeror of the miniature LED flashlight, Shell is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, Shell Oil Company's motion for summary judgment is granted.

DATE:     October 30, 2003

ENTER:    _____
          John F. Grady, United States District Judge