# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5310 | **DATE** | 6/24/2004 |
| **CASE TITLE** | Armament Systems and Procedures vs. Suncoast Merchandise Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Shell Oil Company's motion for attorney's fees and costs is granted. Armament, Mr. Kuhlman, and Ms. Jones are jointly and severally liable for this award. The parties are directed to attempt to agree on an amount of reasonable attorney's fees and costs pursuant to Local Rule 54.3. In the event that the filing of a fee petition is necessary, the petition should be filed no later than July 26, 2004, and Armament may respond by August 9, 2004.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | JUN 2 5 2004 date docketed | |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | | 52 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 6/24/2004 | |
| | KM | courtroom deputy's initials | 2004 JUN 24 PM 4:26 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | date mailed notice KM mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
JUN 2 5 2004

| | |
|---|---|
| ARMAMENT SYSTEMS AND PROCEDURES, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 02 C 5310<br>) |
| SUNCOAST MERCHANDISE CORPORATION, | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the court is Shell Oil Company's motion for attorney's fees and costs. For the reasons explained below, the motion is granted.

## BACKGROUND

This is a patent infringement action brought by Armament Systems and Procedures, Inc. ("Armament"). Armament originally brought this action against a single defendant, Shell Oil Company ("Shell").[1] Armament manufactures and sells handheld miniature LED flashlights and owns a "Miniature LED Flashlight" patent, U.S. Patent No. 6,190,018. Armament alleged that Shell "is offering for sale and selling in the United States . . . miniature LED flashlights" that infringe Armament's patent. (Second Amended

---

[1] On May 12, 2003, Armament filed a Second Amended Complaint adding Sun Coast Merchandise Corporation and Capital Cities Marketing, Inc.



Complaint, ¶¶ 12, 17.) Armament's claim arises from a merchandise offer included in an attachment to the envelope included with a Shell credit card billing statement.

On October 30, 2003, we entered summary judgment in favor of Shell and against Armament. Shell now moves for attorney's fees and costs.

## DISCUSSION

Shell contends that there are four bases for an award of attorney's fees and costs in this case: (1) it is an "exceptional case" under patent law; (2) Armament's conduct was vexatious and unreasonable under 28 U.S.C. § 1927; (3) Armament submitted an inaccurate and misleading declaration in response to Shell's motion for summary judgment, constituting sanctionable conduct under Fed. R. Civ. P. 56(g); and (4) the inherent power of the court permits us to deter abuse of the judicial process.

### A. "Exceptional Case" and 28 U.S.C. § 1927

35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The prevailing party must prove the exceptional nature of the case by clear and convincing evidence. See Forest Labs, Inc. v. Abbott Labs., 339 F.3d 1324, 1327 (Fed. Cir. 2003). The Federal Circuit identifies as "exceptional" those cases "involving 'inequitable conduct before the [Patent Office]; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a

frivolous suit or willful infringement.'" Id. at 1329. Where "the patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence.'" Eltech Sys. Corp. v. PPG Indus., 903 F.2d 805, 811 (Fed. Cir. 1990).

Shell asserts that sanctions pursuant to 28 U.S.C. § 1927 are appropriate as well. 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." In re TCI Ltd., 769 F.2d 441, 445 (7th Cir. 1985).

Shell argues that this suit was frivolous as against it, that it was prosecuted in bad faith, and that Armament's counsel engaged in litigation misconduct by failing to investigate the pertinent facts, opposing Shell's motion for summary judgment without basis, and serving poorly drafted subpoenas on Shell.

We believe that Armament's pursuit of this action as against Shell was frivolous, thus warranting reasonable fees and costs under both 35 U.S.C. § 285 and 28 U.S.C. § 1927. First of all, the

merchandise offer on which Armament's claim is based contains the following disclaimer:

> Capital City Marketing, Inc. (CCMI) and its providers, as applicable, are responsible for this merchandise offer. Citibank (South Dakota), N.A. and its related companies, and Shell are not affiliated with CCMI and are not responsible for this merchandise offer.

(Shell's Motion for Summary Judgment, Statement of Uncontroverted Facts, Ex. A.) Of course, this disclaimer would not have been the end of the story were Armament to have had evidence to the contrary (that Shell was responsible for the offer of the miniature LED flashlight). But Armament admits that it had no such evidence when it filed suit, and it did not even attempt to discover any such evidence before filing suit. Armament describes its pre-filing inquiry, or lack thereof, as follows:

> Philip S. Wolin [a member of the law firm representing Armament] owns a credit card from Shell Oil Company ("Shell"). Along with his April, 2002 statement from Shell, Mr. Wolin received a return envelope addressed to Shell with offers to sell various products printed on it. The offer to sell products included a "Blue Crystal LED Light and Key Organizer . . . ."
> . . .
> Mr. Wolin . . . filled out the offer to purchase and ordered the LED light, at all times believing he was ordering a product offered for sale by Shell. . . . He did not notice any language in the offer that it was made by any entity other than Shell.
> . . .
> Prior to the filing of this lawsuit, [Armament's] counsel had the LED light Mr. Wolin ordered from Shell examined by a patent lawyer, who determined that it infringed [the '018 patent]. [Armament's] counsel also determined that it would be very difficult to obtain verifiable information, other than self-serving statements from Shell and the mailing received by Mr. Wolin, about Shell's involvement in the design,

      manufacture, importation, or sale of the infringing lights, including offers for sale other than the mailing Mr. Wolin received, without the discovery powers that would be available to [Armament] after suit was filed. On July 26, 2002, [Armament] filed the instant Complaint . . . alleging patent infringement "upon information and belief" against Shell.

(Armament's Response at 1-3 (citations omitted).) It appears, then, that Armament failed to do <u>any</u> pre-filing inquiry, especially of Shell, regarding the identity of the offeror of the flashlight. That Mr. Wolin claims to have not noticed the disclaimer, and that Armament's counsel "determined that it would be very difficult to obtain verifiable information," did not render a pre-filing inquiry unnecessary. Armament also states that it "could not easily or objectively determine whether Shell had actionable involvement with the infringing lights without bringing suit and attempting to institute discovery." (Response at 10-11.) This is no justification for a complete lack of a pre-filing inquiry.

Throughout the course of the litigation, Armament never did obtain any information that tended to show that Shell was the offeror. In December 2002, a conference was held in chambers pursuant to Rule 16 of the Federal Rules of Civil Procedure.[2] During the Rule 16 conference, Shell contended that it was not the

---

[2] Armament claims that, before this conference, Shell's counsel told Armament's counsel that Shell was not the offeror of the light and requested that Armament dismiss Shell from the case. According to Armament, its counsel represented that it would dismiss Shell if Shell provided sworn statements from responsible officers that Shell was not involved in the offer, but Shell's counsel refused. Shell tells a different story. It claims that it freely offered to provide such sworn statements to Armament, but that Armament's counsel refused to accept these statements and instead desired to conduct discovery.

offeror of the flashlight. The parties agreed that they would take some time to "investigate the various responsibilities involved here and determine whether Shell should be dismissed and perhaps some other defendant added." (Minute Order of December 17, 2002.) The parties were given leave to conduct discovery on the issue, and they did so.

In March 2003, Shell filed a motion for summary judgment, arguing that it was not the offeror of the flashlight. Armament opposed the motion on two grounds. First, it relied on Mr. Wolin's belief, upon reviewing the merchandise offer, that Shell was the offeror. Second, Armament argued that Shell was the offeror because its subsidiary exercised control over the content of the offer and acted as Shell's alter ego. We ruled that Mr. Wolin's impression of the merchandise offer was "neither here nor there" and that the argument was unsupported by law. We also found that Armament failed to submit any evidence that Shell's subsidiary acted as its alter ego or that the subsidiary was the offeror. Accordingly, we granted Shell's motion for summary judgment. See Armament Sys. & Procedures, Inc. v. Shell Oil Co., No. 02 C 5310, 2003 WL 22508148 (N.D. Ill. Nov. 3, 2003).

According to Armament, it did not get all of the discovery it needed to adequately respond to the summary judgment motion. We already considered and rejected this argument in our summary judgment ruling, and Armament provides no reason to revisit the

issue. Armament also maintains that its counsel had the "good faith belief" that Shell was "controlling sales" through Equilon, but fails to provide any reasonable basis for this belief.

In sum, this action as against Shell lacked any basis in fact from the outset. After Shell's involvement in the merchandise offer became the central issue, Armament continued to pursue the action without a reasonable basis. Moreover, Armament's response to Shell's summary judgment motion had no merit. The case is accordingly an "exceptional case" under 35 U.S.C. § 285. In addition, attorney's fees and costs are warranted under 28 U.S.C. § 1927.

## B. Fed. R. Civ. P. 56(g) and the Court's Inherent Power

Shell also asserts that we should award fees and costs pursuant to Fed. R. Civ. P. 56(g) and this court's inherent power to sanction for bad faith and vexatious conduct. Rule 56(g) allows the court to sanction a party for presenting an affidavit in bad faith or solely for the purpose of delay. Shell argues that Mr. Wolin's affidavit, which Armament submitted in response to the summary judgment motion, is sanctionable. Although the affidavit was irrelevant to the issues on summary judgment, we are not convinced that it was submitted in bad faith. Furthermore, because attorney's fees and costs are warranted on other grounds, we decline to invoke our inherent power. See, e.g., Methode Elecs., Inc. v. Adam Techs., Inc., No. 03-3252, 2004 WL 1301852, at *4 (7th

- 8 -

Cir. June 14, 2004) ("[T]here is a 'need to be cautious when resorting to inherent powers to justify an action, particularly when the matter is governed by other procedural rules.'").

## CONCLUSION

For the foregoing reasons, Shell Oil Company's motion for attorney's fees and costs is granted. Armament is responsible for these fees and costs pursuant to 35 U.S.C. § 285. Armament's counsel, Richard S. Kuhlman and Wanda E. Jones, are responsible for these fees and costs pursuant to 28 U.S.C. § 1927.[3] Armament, Mr. Kuhlman, and Ms. Jones are jointly and severally liable for this award.

The parties are directed to attempt to agree on an amount of reasonable attorney's fees and costs pursuant to Local Rule 54.3. In the event that the filing of a fee petition is necessary, the petition should be filed no later than July 26, 2004, and Armament may respond by August 9, 2004.

---

[3] Mr. Kuhlman signed the original complaint, a notice to produce, and Armament's response to Shell's motion for summary judgment. From his affidavit, it also appears that he was involved with Armament's (lack of a) pre-filing inquiry. Ms. Jones signed the second amended complaint, which repeated the unfounded allegations against Shell, and signed the subpoenas issued to defendants.

DATE:          June 24, 2004

ENTER:         _____
               John F. Grady, United States District Judge